**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NEW CASTLE COUNTY PD - NIKITUK 293, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 22-649-GBW |
| | : | Justice of the Peace Court of the State of Delaware in and for New Castle County |
| COURTNEY D. ROARK, | : | Case No. 2204008836 |
| Defendant. | : | |

---

Helene Episcopo, Esquire, New Castle County Office of Law, New Castle, Delaware. Counsel for Plaintiff.

Courtney D. Roark, Newark, Delaware, Pro Se Defendant.

## MEMORANDUM OPINION

October 19, 2022
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Defendant Courtney D. Roark ("Defendant" or "Roark") removed this state criminal matter under 28 U.S.C. § 1446. (D.I. 1) He moves to dismiss the criminal action, and Plaintiff asks this Court to summarily remand the matter for lack of jurisdiction. (D.I. 4, 6)

## II. BACKGROUND

On April 17, 2022, Defendant was issued several traffic violations by New Castle County Police Officer Nikituk. (D.I. 1-1 at 1) Defendant was summoned to appear before the Justice of the Peace Court 11 on May 11, 2022. (*Id.*) Defendant challenged the tickets in state court on the grounds that the New Castle County Police Department lacked standing as no crime was committed and no injury occurred. (*Id.* at 3-4) Trial was set for June 21, 2022. (*Id.* at 5) Defendant removed this matter on May 17, 2022. The civil cover sheet indicates the matter was removed pursuant to 28 U.S.C. § 1446 and describes the cause of action as violations of the Fourth and Fifth Amendments to the United States Constitution and the Supremacy Clause. (D.I. 1-2)

On June 8, 2022, Defendant filed a motion to dismiss the criminal matter in this Court again asserting lack of standing and no injury occurred. (D.I. 4) The Court ordered Plaintiff to respond to the motion. (D.I. 5) Plaintiff argues that

Defendant's removal of the criminal matter was improper, this Court lacks jurisdiction, and asks the Court to deny Defendant's motion. (D.I. 6)

## III. LEGAL STANDARDS

In order for a case to be removable to the district court, the Court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

## IV. DISCUSSION

Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1)

"must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

Defendant alleges in a conclusory manner violations of his rights under the Fourth and Fifth Amendments to the United States Constitution. He does not assert that he cannot get a fair and impartial trial or that he is denied equal access to the Justice of the Peace Court. Defendant's position that the State of Delaware does not have standing to prosecute him is without merit. There are no assertions that provide a basis for this Court's proposed exercise of subject matter jurisdiction. Nor are there allegations that Defendant cannot enforce his asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). The notice of

removal simply does not lead to the conclusion that Defendant cannot enforce any asserted rights in state court. Moreover, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20. For the above reasons, the Court will summarily remand this criminal matter.

## V. CONCLUSION

For the above reasons the Court will: (1) dismiss as moot Defendant's motion to dismiss (D.I. 4); and (2) summarily remand this matter to the Justice of the Peace Court 11of the State of Delaware in and for New Castle County (Case No. 2204008836).

An appropriate order will be entered.